

FILED & JUDGMENT ENTERED
Steven T. Salata

April 11 2017

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Laura T. Beyer
United States Bankruptcy Judge

## THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

IN THE MATTER OF:

    Julius Washington, Jr.
    Jacqueline Washington                    Case No. : 16-30993
                                                             Chapter 13

**DEBTORS**.

### ORDER SUSTAINING DEBTORS' OBJECTION TO NOTICE OF
### POSTPETITION MORTGAGE FEES, EXPENSES, AND CHARGES

**THIS MATTER**, is before the court on the Debtors' Objection to Notice of Postpetition Mortgage Fees, Expenses, and Charges. The court held a hearing on the Objection on March 28, 2017, Kimberly A. Sheek appeared representing the Debtors, Michael Emrey appeared representing Ocwen Loan Servicing, LLC Servicer for Deutsche Bank National Trust Company, as Trustee for Argent Securities, Inc., Asset-Backed Pass Through Certificates, Series 2006-W5 ("Ocwen"), and Jenny Holman, Staff Attorney for the Chapter 13 Trustee appeared.

On or about March 30, 2006, the Debtors executed a Note and Deed of Trust in the amount of $159,462.00. The Deed of Trust secures a lien on the Debtors' principal residence located at 12815 Silvaire Farm Road, Charlotte, NC 28278. On or about October 14, 2014 the Debtors executed a Loan Modification.

1

On June 16, 2016, the Debtors filed a Chapter 13 bankruptcy petition in the Western District of North Carolina, Charlotte Division to save their home from foreclosure (the "bankruptcy case"). Pursuant to the Chapter 13 Plan, the ongoing post-petition payments and pre-petition arrearage claim is being paid through the plan. On December 16, 2016, Ocwen, filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges for Post-Petition pre-confirmation Bk attorney fees incurred on June 21, 2016 in the amount of $250.00 for a plan review. On January 16, 2017, the Debtors filed an Objection to Notice of Postpetition Mortgage Fees, Expenses, and Charges (the "Objection").

Section 1322(e) provides that if a plan proposes to cure a default, "the amount necessary to cure the default shall be determined in accordance with the **underlying agreement and applicable nonbankruptcy law**." 11 U.S.C. § 1322(e) (emphasis added); see also *In re Obie*, No. 09-80794 (Bankr. M.D.N.C. Nov. 24, 2009) (court recognized that Section 1322(e) required the fee to be recoverable under state law) (internal citations omitted). The Bankruptcy Code instructs the court to look not only to bankruptcy law to determine if a fee or cost is recoverable but also to nonbankruptcy law. There is no dispute that the Debtors' plan proposes to cure a default. Therefore, to determine whether the attorney fees are allowed, the court must look not only to Section 1322(e) but also to N.C. GEN. STAT. § 45-91. If the fee is not allowed under Section 45-91 then the Debtors' Objection must be sustained and Ocwen must waive its fee.

Section 45-91 of the North Carolina General Statutes requires a servicer to assess fees, costs, expenses, or charges to loans within 45 days of the date the fee is incurred regardless of whether the loan is in default or the borrower is in bankruptcy. N.C. GEN. STAT. § 45-91(1)(a)[1]. Servicers must also send a statement explaining the fee "clearly and conspicuously" to

---

[1] § 45-91. Assessment of fees; processing of payments; publication of statements. A servicer must comply as to every home loan, regardless of whether the loan is considered in default or the

the borrower within 30 days after assessing the fee. N.C. GEN. STAT. §45-91(1)(b)[2]. If a servicer fails to comply with Section 45-91 of the North Carolina General Statutes then the fee is deemed waived. N.C. GEN. STAT. § 45-91(3); see *In re Obie*, No. 09-80794 (Bankr. M.D.N.C. Nov. 24, 2009) (holding attorney fees were waived where servicer failed to send a statement pursuant to Section 45-91); *In re Smith*, No. 08-07636-8-JRL (Bankr. E.D.N.C. Nov. 8, 2012) (objection to claim sustained where servicer failed to send a fee statement). A servicer is defined as "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." N.C. GEN. STAT. § 45-90(2). A home loan is defined as a "loan secured by real property located in this State used, or intended to be used, by an individual borrower or individual borrowers in this State as a dwelling, regardless of whether the loan is used to purchase the property or refinance the prior purchase of the property or whether the proceeds of the loan are used for personal, family, or business purposes." N.C. GEN. STAT. § 45-90(1). Here, there is no dispute that Ocwen is the servicer of a home loan. Ocwen concedes that it failed to comply with Section 45-91. Section 45-91 is clear that a servicer must assess the fee in a timely manner <u>and</u> it must send the fee statement to the borrower or the fee is deemed waived. Ocwen waived its right to collect the attorney fees by failing to

---

borrower is in bankruptcy or the borrower has been in bankruptcy, with the following requirements:

(1) Any fee that is incurred by a servicer shall be both:
    a. Assessed within 45 days of the date on which the fee was incurred. Provided, however, that attorney or trustee fees and costs incurred as a result of a foreclosure action shall be assessed within 45 days of the date they are charged by either the attorney or trustee to the servicer.

[2]    b. Explained clearly and conspicuously in a statement mailed to the borrower at the borrower's last known address within 30 days after assessing the fee, provided the servicer shall not be required to take any action in violation of the provisions of the federal bankruptcy code. The servicer shall not be required to send such a statement for a fee that: (i) results from a service that is affirmatively requested by the borrower, (ii) is paid for by the borrower at the time the service is provided, and (iii) is not charged to the borrower's loan account.

send the required fee statement pursuant to Section 45-91. There is no dispute that Ocwen complied with Fed. R. Bankr. Pro. 3002.1. However, to recover its fee Ocwen must comply with both Rule 3002.1(c) and Section 45-91.

Ocwen argued that Rule 3002.1(c) preempted Section 45-91 because the two conflicted. The court does not agree. "Conflict preemption occurs either [1)] as a result of a direct conflict between state and federal law, such that compliance with both is impossible, or [2)] because a state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Sacco v. Bank of Am., N.A.*, No. 5:12-cv-00006-RLV-DCK (W.D.N.C. Dec. 13, 2012). There is no direct conflict between Rule 3002.1(c) and Section 45-91. There is nothing to prevent Ocwen from complying with both Rule 3002.1(c) and Section 45-91. It is certainly not an impossibility for Ocwen to comply with both laws. Section 45-91 requires servicers to send a fee statement by mail to borrowers within 30 days after a fee is assessed to a loan. Rule 3002-1(c) requires holders of a claim to file a fee notice with the court within 180 days after the assessment of a fee. No conflict exists and state law does not create an obstacle to the federal law because creditors can comply with both requirements. A creditor may send a fee statement to a borrower by mail as required by Section 45-91 and file the requisite fee statement within 180 days after the assessment of the fee. Ocwen argues that Section 45-91 is in conflict with Rule 3002.1 because it requires Ocwen to waive the fee. However, the purpose of Rule 3002.1[3] is to provide notice to debtors, debtor's counsel, and trustees so that all parties know the

---

[3] "The Advisory Committee notes to Rule 3002.1 explain the purpose of the Rule:"

In order to be able to fulfill the obligations of § 1322(b)(5), a debtor and the trustee must be informed of the exact amount needed to cure any prepetition arrearage . . . and the amount of the postpetition payment obligations. If the latter amount changes over time, due to the adjustment of the interest rate, escrow account adjustments, or the assessment of fees, expenses, or other charges, notice of any change in payment amount needs to be conveyed to the debtor and trustee.

4

amount of the arrearage that needs to be cured. The fee statements required by Section 45-91 provides an added layer of protection where creditors may send a fee statement but fail to file the requisite fee notice. Part of the purpose of enacting the Bankruptcy Code was to offer debtors additional protections not otherwise afforded to them under state law so that they could get a fresh start. To ignore the state law requirements of the state statute at issue here would frustrate that purpose and would offer debtors less protection then they would otherwise have absent the bankruptcy case. Section 45-91 and Rule 3002.1(c) satisfies the purpose of providing borrowers with notice of the status of their loans. Section 45-91 does not create an obstacle to complying with Rule 3002.1(c); rather, it adds an additional layer of protection to ensure that debtors know the current status of their loan for their most prized possession – their family home. Finally, Section 1322(e) of the Bankruptcy Code and Rule 3002.1(e) both require the court to consider the underlying agreement and applicable nonbankruptcy law. Section 1322(e) and Rule 3002.1(e) both contemplate compliance with Section 45-91 which is applicable nonbankruptcy law. The Debtors' objection is sustained because no conflict exists between Section 45-91 and Rule 3002.1(c).

Had Ocwen not waived the right to collect the fee under the state statute then it would have been entitled to collect the fee under Local Rule 2016-2(i). The court finds that the attorney's fee of $250.00 charged by Ocwen for a plan review is otherwise reasonable. Had

---

Timely notice of these changes will permit the debtor or trustee to challenge the validity of any such charges, if necessary, and to adjust postpetition mortgage payments to cover any properly claimed adjustment. Compliance with the notice provision of the rule should also eliminate any concern on the part of the holder of the claim that informing a debtor of a change in postpetition payment obligations might violate the automatic stay. *In re Lighty*, 513 B.R. 489, 495, (Bankr. S.C. Jul. 21, 2014) (internal citations omitted)(objection to claim overruled where underlying agreement allowed recovery of fee).

Ocwen complied with Section 45-91 then it would have been entitled to the fee.

Accordingly, the Debtors' Objection is hereby sustained. The Debtors' attorney is awarded her non-base attorney fee of $125.00. Ocwen shall waive the attorney fees of $250.00 for the plan review and shall not attempt to collect the fee from the Debtors. The Trustee shall modify the plan as necessary to accommodate this additional administrative claim.

**SO ORDERED.**

This Order has been signed electronically.         United States Bankruptcy Court
The judge's signature and court's seal appear
at the top of the Order.